Argued and submitted April 17, affirmed on petition and on cross-petition
August 21, 1996

Barbara HAIGH,
*Petitioner - Cross-Respondent,*

*v.*

COLUMBIA RIVER GORGE COMMISSION,
*Respondent - Cross-Respondent,*

*and*

Joseph CZERNIECKI,
*Respondent - Cross-Petitioner.*

(94-0041-W-G-11; CA A88097 (Control), CA A88616)
(Cases Consolidated)

921 P2d 1350

Mark J. Mazeski argued the cause and filed the brief for petitioner - cross-respondent Barbara Haigh.

Lawrence Watters argued the cause for respondent - cross-respondent Columbia River Gorge Commission. With him on the brief was John T. Bagg, Assistant Attorney General.

Gary K. Kahn argued the cause for respondent - cross-petitioner Joseph Czerniecki. With him on the brief was Reeves, Kahn & Eder.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Petitioner Haigh seeks review of an order issued by the Columbia River Gorge Commission. ORS 196.115(2)(a). The Commission's order upheld its Executive Director's decision to allow Haigh to place a mobile home and accessory structures on her property. Haigh does not challenge the merits of the Commission's order, but only its decision to allow cross-petitioner Czerniecki to participate in the proceedings. In his cross-petition for review, Czerniecki argues that the Commission erred in upholding the Director's decision to approve Haigh's land use application. We affirm on the petition and on the cross-petition.[1]

Haigh owns an 11-acre parcel of property that is located within the Columbia River Gorge National Scenic Area. On May 17, 1994, she filed a land use application with the Commission to place a mobile home on the property, install a septic system and construct two decks, a pump shed and a driveway. On September 9, 1994, the Director denied Haigh's application after concluding that her proposal was "inconsistent with the natural resources guidelines that protect sensitive wildlife areas," namely the winter range for deer and elk. Haigh timely filed a notice of intent to appeal and petition and invoked the special review process, contending that the Director's decision denied her all beneficial use of her property.[2] OAR 350-70-050; OAR 350-70-060. In response to Haigh's appeal, Czerniecki, Haigh's neighbor, timely filed a motion to intervene.

On November 7, 1994, the Director issued a new decision, pursuant to the special review process, approving Haigh's application with six conditions. Both Haigh and

---

[1] Following oral argument in this case, Haigh filed a motion to dismiss both petitions for judicial review, contending that the petitions were moot because she had withdrawn her land use application with the Commission. The Commission, however, did not withdraw or vacate its final order, and we denied Haigh's motion on June 19, 1996. Czerniecki's "motion to continue case" was subsequently denied in the light of our other rulings.

[2] The special review process allows an applicant to seek reconsideration of the Director's decision to deny a land use application if the applicant believes that the decision eliminates all beneficial use of the property. If the Director finds that the property has no alternative beneficial use, he or she may approve the land use application. OAR 350-70-060.

Czerniecki timely requested review of that decision by the Commission. OAR 350-70-090. Haigh challenged one of the conditions tied to the approval, the requirement that she maintain a 15-foot agricultural buffer, and Czerniecki challenged the approval itself.

After a contested case hearing, the Commission issued an order on April 12, 1995, upholding the Director's decision to approve Haigh's land use application and remanding the case to the Director for additional consideration of the agricultural buffer requirement. Both Haigh and Czerniecki filed petitions for judicial review in this court. ORS 196.115(2)(a). We review the Commission's order for substantial evidence and errors of law. ORS 196.115-(3)(c), (e).

Haigh's sole assignment of error on review is that the Commission erred in allowing Czerniecki to intervene in the proceedings. Specifically, she claims that the Commission should not have considered Czerniecki's request for review because he committed a number of procedural errors. We have reviewed the administrative record and, without engaging in an extensive discussion of the Commission's procedural rules, conclude that Czerniecki properly intervened and that the Commission did not err in hearing his request for review of the Director's decision.

In his cross-petition for review, Czerniecki assigns error to the Commission's decision to uphold the Director's approval of Haigh's land use application. Specifically, he asserts that the Commission's determination that "[t]he Executive Director's approval of the use was correct" is not supported by substantial evidence.[3]

---

[3] We decline to address Czerniecki's argument that the Commission should have summarily rejected Haigh's appeal because she failed to submit sufficient evidence during the special review process. Although Czerniecki questioned the evidence supporting the Director's decision in his request for review, he never argued that Haigh had a burden to meet a particular evidentiary threshold as a predicate to the special review process or that she failed to meet that burden. Therefore, the issue was not preserved for our review.

When an applicant invokes the special review process, the Director is required to consider whether any alternative beneficial use can be conducted on the property without causing a greater effect on scenic, cultural, recreational or natural resources than the proposed use. In Haigh's case, the alternative, nonresidential uses that are permitted by law on her land are livestock grazing, cultivation, agricultural buildings, forest practices, airstrips, environmental facilities, soil and water conservation uses, development and production of mineral resources, boarding of horses and recreational development. The Director found that all of those alternatives were economically or physically infeasible, based on the characteristics of the land, or that they posed a more significant threat to the deer and elk winter range than Haigh's proposed use. Most of the alternatives failed in both respects.

Czerniecki challenges the Director's analysis of three of the alternatives: cultivation, development and production of mineral resources, and horse boarding. He argues that the Director's finding that those uses are not practicable is "conclusory and unsubstantiated." However, even if we were to assume that those uses *are* physically or economically feasible on Haigh's property, the record amply supports the separate finding that each of those alternatives would require extensive fencing, land clearing or construction of buildings, or a combination thereof, that would have a greater effect on the deer and elk winter range than Haigh's proposed use.

The Commission's order upholding the Director's approval of Haigh's proposed use is supported by substantial evidence in the whole record. Neither party challenges the Commission's decision to remand the case to the Director for further findings concerning the agricultural buffer requirement.

Affirmed on petition and on cross-petition.